Ham, Judge,
 

 delivered the opinion of the Court:
 

 The act of 1715, ch, 48, directs that all administration bonds shall he made payable to the Governor, &c. who is directed to transfer or assign thenr4
 
 to any person
 
 injured,’ who may maintain an action thereon. No part of the act seems to require that the person injured should prove his injury by the record of a judgment obtained by him against the administrator. Although the administrator might have forfeited his bond, yet the Plaintiff was not entitled to recover any thing of his securities, unless proof was made, according to the act, that he the Plaintiff was a
 
 person injured.
 
 The act of 1791, ch. 10, directs, that in future, administration bonds shall be
 
 *23
 
 made payable to the Chairman of the County Court and his successors in ofB.ce, &c. and shall be put in suit in the name of the Chairman, at the instance of the
 
 person injured.
 
 Under this act, (and the bond in question was given since this act passed) no recovery can be had in the name of the Chairman, unless, in addition to the proof that the administrator has forfeited his bond, proof is also made, that the party for whose benefit the suit is brought, has been injured by such forfeiture. It is contended, however, that Ibis should be shewn by obtaining judgment against the administrator: if so, it will follow, that this judgment would be good evidence against, and obligatory upon the securities, although it be a proceeding
 
 “ inter alios acta
 
 and the Defendants, if permitted, might have it in their power to shew that the real Pláintiíf had sustained no injury. Upon this point the Court gives no opinion ; but they are of opinion that the whole matter may be enquired into in this action
 
 ;
 
 that the acts of Assembly are plain, and require no previous judgment, to be recovered against the administrator, to render his securities liable to the suit of the person injured. Let the rule for a new trial be made absolute.